IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FASTMETRIX, INC., )
    Plaintiff, )
     )
v. )   Case No. 1:12cv1291
     )
ITT CORPORATION, )
    Defendant. )

## MEMORANDUM OPINION

After nearly 17 months of litigation in state court, and on the eve of trial there, defendant ITT Corporation ("ITT") removed this state law contract, trade secret, fraud, and conspiracy dispute to this district court on the basis of federal question jurisdiction. Plaintiff FastMetrix, Inc. ("FastMetrix") now seeks remand, arguing that removal is improper because (i) the complaint in issue raises no disputed federal question giving rise to federal jurisdiction, (ii) the notice of removal was untimely pursuant to 28 U.S.C. § 1446, and (iii) the contract in dispute contains a choice of forum clause designating the Virginia state courts in Fairfax County, Virginia as the sole forum for resolution of disputes arising out of and relating to the contract. ITT disputes each of these arguments, arguing that there are disputed questions of federal law, that the notice of removal was timely as the federal question appeared for the first time in FastMetrix's Third Amended Complaint in state court, and that the forum selection clause does not apply to this dispute.

For the reasons that follow, remand is appropriate.

I.[1]

FastMetrix, an Alabama corporation with its principal place of business in Huntsville, Alabama, is engaged in the business of specialized precision optical systems. ITT, a Delaware corporation that maintains an office in Alexandria, Virginia,[2] is engaged in the business of high-technology engineering and manufacturing.

On April 14, 2005, ITT and FastMetrix entered into a teaming agreement in connection with ITT's submission of a proposal to the National Geospatial-Intelligence Agency ("NGA") for the InnoVision Omnibus Contract ("prime contract"). Under the teaming agreement, FastMetrix agreed to provide exclusive support for ITT's proposal for the prime contract in exchange for a future subcontracting relationship with ITT under the prime contract.

In September 2006, ITT was awarded the prime contract, and soon thereafter, ITT and FastMetrix entered into Subcontract Agreement No. NSTA2222.1237.01 ("Subcontract"). Under the Subcontract, the parties agreed that FastMetrix would be responsible for all activities performed under the prime contract relating to three dimensional laser radar imaging and laser topographic mapping ("laser imaging and mapping"). FastMetrix alleges that—contrary to and in breach of the Subcontract—ITT diverted work relating to laser imaging and mapping away from FastMetrix to ITT employees and other entities.

On July 8, 2011, FastMetrix filed this action in the Circuit Court of Fairfax County, Virginia ("Virginia state court"). In its original complaint, FastMetrix alleged three state law causes of action: (i) breach of the Subcontract, (ii) breach of a fiduciary duty, and (iii) unjust

---

[1] The facts recited here are derived from the complaints filed in the Circuit Court of Fairfax County, Virginia, ITT's notice of removal, and the parties' briefs addressing this remand motion.

[2] The location of ITT's principal place of business is not disclosed in the pleadings.

enrichment. ITT demurred to the original complaint and the Virginia state court sustained the demurrer with regard to the breach of contract and unjust enrichment claims. FastMetrix then non-suited the remaining breach of fiduciary duty claim and filed the First Amended Complaint on December 27, 2011. In the First Amended Complaint, FastMetrix re-alleged the breach of contract and unjust enrichment claims and added a state law claim for the misappropriation of FastMetrix's trade secrets. Specifically, FastMetrix alleged that ITT obtained FastMetrix's trade secrets relating to the laser imaging and mapping and that ITT misappropriated these trade secrets in order to direct work to its own employees. On May 11, 2012, FastMetrix filed the Second Amended Complaint, which re-alleged essentially identical claims as alleged in the First Amended Complaint.

After the close of discovery in the Virginia state court, and a few weeks prior to the scheduled trial, FastMetrix filed a Third Amended Complaint ("TAC") on November 9, 2012. In the TAC, FastMetrix re-alleges the state law claims for breach of contract, unjust enrichment, and misappropriation of trade secrets, and also alleges, for the first time, state law fraud and business conspiracy claims under Va. Code § 18.2-499. In the state law fraud claim, FastMetrix alleges that ITT made materially false statements in order to induce FastMetrix's aid in obtaining the prime contract and to induce FastMetrix into entering the Subcontract. In the state law business conspiracy claim, FastMetrix alleges that ITT, along with other entities not named as defendants, including the NGA, conspired to cause work to be directed away from FastMetrix and to be directed instead to ITT employees and other entities.

On November 13, 2012, ITT removed the action to this district, alleging that the TAC now presents substantial questions of federal law, permitting the exercise of federal question

jurisdiction under 28 U.S.C. § 1331. In support of removal, ITT's notice of removal identified the two questions of federal law that were raised by the TAC:

> (i) "[W]hether NGA violated the FAR [Federal Acquisition Regulations] provision;" and,
>
> (ii) the breach of contract claim "necessarily depends on an evaluation of NGA's decisions to articulate requirements and allocate work under the [prime contract], a procurement for research and development tasks for military and national intelligence uses, an area of 'uniquely federal' interest."

Deft.'s Not. of Removal, ¶ 21–22.

FastMetrix then filed a motion to remand the case, arguing (i) that there is no substantial question of federal law, and accordingly, federal jurisdiction is lacking; (ii) that ITT has waived removal, because the Subcontract's forum selection clause chooses the Virginia state courts in Fairfax County, Virginia as the sole forum for resolution of disputes relating to and arising out of the Subcontract; and, (iii) that the notice of removal is untimely, pursuant to the procedures set forth for removal in 28 U.S.C. § 1446.

The remand motion has been fully briefed and argued. In the course of oral argument, FastMetrix's counsel stated that FastMetrix wished to amend the TAC to make clear that FastMetrix was not pleading a federal question. FastMetrix was granted leave to file an amended complaint, and in due course, FastMetrix filed an amended complaint on January 18, 2013. In the Fourth Amended Complaint, FastMetrix restated the five counts that were pled in the TAC, but (i) removed from the complaint's recitation of facts the paragraph that suggested any wrong-doing by the NGA and (ii) removed the NGA from the list of co-conspirators for the state law business conspiracy claim.

## II.

Analysis may properly begin with the untimeliness argument, as this argument can be resolved with relative ease. Congress has made clear that the notice of removal must be filed within 30 days of service of the initial pleading setting forth removable claims or within 30 days of an amended pleading "from which it may first be ascertained that the case . . . has become removable." 28 U.S.C. § 1446(b); *see Lovern v. General Motors Corp.*, 121 F.3d 160, 161–62 (4th Cir. 1997) (discussing timeliness of removal under § 1446(b)). FastMetrix claims that the removal is untimely because the putative federal questions ITT claims are contained in the TAC were also included in the earlier complaints, as there is no essential difference in this respect among the various complaints filed in state court. Accordingly, in FastMetrix's view the removal is untimely. ITT opposes this argument, claiming that it removed this case within 30 days after the TAC filing, which, ITT claims, raises for the first time removable federal questions.

It is apparent that the parties in essence agree that there is no federal question raised in the original, first amended, or second amended complaints.[3] It follows therefore that removal on the basis of the TAC—assuming the removal is jurisdictionally proper—would not be untimely, as the notice of removal was filed within 30 days of the filing of the TAC. Thus, FastMetrix's timeliness argument fails, assuming *arguendo* that the TAC raises a federal question.[4]

---

[3] As the parties agree, the Subcontract's choice of federal common law as the governing law does not, on its own, give rise to federal question jurisdiction. *See, e.g., Price v. Pierce*, 823 F.2d 1114, 1119 (7th Cir. 1987) ("since parties cannot confer federal jurisdiction by stipulation, they cannot confer federal jurisdiction by agreeing that their dispute shall be governed by federal law if, were it not for the stipulation, the suit would arise under state law").

[4] Here, the focus is properly on the TAC, because the propriety of removal is "determined according to the plaintiff's pleading at the time of the petition for removal." *Pullman Co. v.*

## III.

The central question at issue in this motion to remand is whether the TAC raises any removable federal question. The disposition of this question is guided by well-settled principles. A case may only be removed if the federal courts would have had original jurisdiction over any claim. *See* 28 U.S.C. § 1441. And "if federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).[5] When the basis for federal jurisdiction is the presence of a federal question, 28 U.S.C. § 1331 governs.[6] And it is established law that whether federal jurisdiction exists "is generally determined by the 'well-pleaded complaint' rule," *Childers v. Chesapeake & Tel. Co.*, 881 F.2d 1259, 1261 (4th Cir. 1989), which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint[.]" *Id.* at 393 (emphasis in original). Put simply, a federal court has "jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

---

*Jenkins*, 305 U.S. 534, 537 (1939); *see also Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005) ("Because amendment occurred after removal, we look at the original complaints rather than the amended complaints in determining whether removal was proper.").

[5] *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[6] Section 1331 provides that federal courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."

resolution of a substantial question of federal law." *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir. 2001) (internal quotation marks and citations omitted).[7]

The removal fails this test; no federal causes of action are pled in the TAC. Indeed, every claim in the TAC is a state law cause of action. None of the asserted bases for federal question removal are elements of the state law claims, nor are they required to establish the state law claims. At best, the matters ITT claims are federal questions may be defenses, and therefore, under the well-pleaded complaint rule, these matters are not a proper basis for federal question jurisdiction. *See Caterpillar*, 482 U.S. at 393.

Given that federal law does not create any of the causes of action alleged in the TAC, analysis must proceed to the question whether FastMetrix's right to relief under state law necessarily depends on the resolution of a substantial, disputed question of federal law. This inquiry is resolved by a three-step test, which proceeds as follows:

(i) whether the state law claim depends on the resolution of a disputed question of federal law;
(ii) whether the disputed federal law question is substantial; and,
(iii) whether the exercise of federal question jurisdiction in the circumstances would disturb "any congressional approved balance of federal and state judicial responsibilities."

*Grable & Sons Metal Prod., Inc. v. Dargue Eng'g & Mfg.* 545 U.S. 308, 314 (2004); *see also Enterprise Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006); *Merrell Dow Pharm. Inc. v. Thompson, et al.*, 478 U.S. 804 (1985).

---

[7] The parties correctly do not argue that the complete preemption exception to the well-pleaded complaint rule is applicable here. *See Caterpillar*, 482 U.S. at 393 (Under the complete preemption doctrine, the preemptive force of a statute may be "so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.").

Here, the analysis begins and ends at the first step, as neither federal question identified by ITT in the removal notice must be resolved in order for FastMetrix to prevail on its state law claims. With respect to ITT's first asserted basis for federal question jurisdiction—whether the NGA violated the FAR—none of FastMetrix's state law claims depends on determining whether the NGA violated the FAR; this issue is not an element of any of FastMetrix's state law claims. Thus, it is not necessary for a court to resolve whether the NGA violated the FAR in order for FastMetrix to prevail on any of its state law claims. The TAC's allegation that the NGA violated the FAR appears only in the recitation of facts and FastMetrix does not and need not rely on that alleged violation in any of its state law claims. Accordingly, whether the NGA violated the FAR need not be addressed or resolved in this case. In this respect, this case is readily distinguished from *Grable*, where removal was proper because there the plaintiff could prevail in its state quiet title suit *only* by pleading and proving that the Internal Revenue Service failed to comply with the mandated notice procedures. *See Grable*, 545 U.S. at 311. Instead, this case is more closely akin to *Merrell Dow*, where removal was improper because only one element of a state law claim depended on the resolution of an insubstantial federal question. *See Merrell Dow*, 478 U.S. at 813–14. Thus, the TAC's allegation that the NGA violated the FAR does not give rise to federal question jurisdiction; it is no more than unnecessary surplusage.

Nor does ITT's second basis for federal question removal—the need to evaluate the NGA's decision to allocate work under the prime contract—fare any better. None of FastMetrix's state law claims depends on an evaluation of the NGA's work allocation decisions. It is simply not necessary for a court to evaluate the NGA's decisions to allocate work under the prime contract in order for FastMetrix to recover on any of its state law claims. At best, an evaluation of the NGA's allocation of work under the prime contract arises merely as a defense

to FastMetrix's claims. To be sure, FastMetrix does list the NGA as a co-conspirator in the state law business conspiracy claim alleged in the TAC, but an evaluation of the NGA's work allocation is not necessary for FastMetrix to prevail on this claim. Furthermore, FastMetrix does not seek relief against the NGA, and it is clear that any reference in the TAC to the NGA's allocation of work under the prime contract is FastMetrix's anticipation of a defense, rather than an essential element of any of the alleged state law claims. Accordingly, because it is well-established that a federal question must arise on the face of the complaint, and not by way of a defense, this asserted basis does not give rise to federal question jurisdiction. *See Caterpillar*, 482 U.S. at 393 (removal not permitted on the basis of a federal defense, "even if the defense is anticipated in the plaintiff's complaint"). Further, it is clear that FastMetrix's right to relief under state law does not necessarily depend on the resolution of a substantial question of federal law. *See Grable*, 545 U.S. at 314.

ITT offers several arguments in favor of finding federal question jurisdiction, none of which is persuasive. First, ITT argues that a federal forum is more appropriate for the resolution of a government contracts dispute that involves a prime contract relating to top-secret military technology procurement. The principle flaw in this argument is that FastMetrix's state law claims arise under the Subcontract and not the prime contract. Moreover, ITT's argument that a federal forum is more appropriate for a dispute involving a prime contract relating to top-secret military technology procurement is something that was known from the beginning of this case, and therefore even assuming that this was a valid basis for federal question removal, it comes too late. *See* 28 U.S.C. § 1446(b)(1) (requiring notice of removal within 30 days).

Next, ITT argues that there is a federal question because this case addresses the legality of the NGA's actions under the prime contract. This is incorrect; FastMetrix can establish every

element of its state law claims without the need to address the legality of the NGA's actions under the prime contract. This latter issue may arise, if at all, only as a defense to FastMetrix's claims; it is not a federal question that arises on the face of the TAC, nor is the resolution of this issue necessary for FastMetrix to prevail on its state law claims.

In summary, FastMetrix has neither pled a federal cause of action on the face of the TAC nor does FastMetrix's right to relief under state law for any of the state law claims asserted in the TAC necessarily depend on the resolution of a substantial federal question. Accordingly, remand is required pursuant to 28 U.S.C. § 1447(c).[8]

## IV.

Settled principles make clear that the forum selection clause in the Subcontract provides an alternative basis for remand. First, there is no doubt that where, as here, a forum selection clause designates the courts "of a state," the clause selects only the state courts within the named state, because the "federal courts are not courts 'of' the state of Virginia." *See FindWhere Holdings, Inc. v. Sys. Environ. Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010). And importantly, when a valid forum selection clause designates courts 'of' a particular state for the resolution of disputes, "the agreement must be understood to include waiver of the right to remove the action . . . from the selected court." *Insight Holding Group, LLC v. Sitnasuak Native Corp.*, 685 F.Supp.2d 582, 590 (E.D.Va. 2010); *see also FindWhere*, 626 F.3d at 755 (holding that remand was proper where forum selection clause designated Virginia state courts as the exclusive jurisdiction for resolving disputes "arising out of or relating to" a contract).

---

[8] Section 1447(c) provides, in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Here, the forum selection clause set forth in the Subcontract rests jurisdiction for "any claim, controversy or dispute arising out of or related to this Agreement . . . *exclusively* in the courts *of* the Commonwealth of Virginia located in Fairfax County, Virginia." Subcontract B.6.1 (emphasis added). Accordingly, this language designates the state courts located in Fairfax County, Virginia as the sole forum for the resolution of disputes arising out of or relating to the Subcontract. Thus, even assuming *arguendo* that removal was proper in this instance, ITT has waived its statutory removal rights and remand is appropriate.

ITT resists the application of the forum selection clause by arguing that FastMetrix's business conspiracy claim is a claim under the prime contract. In this regard, the forum selection clause exempts issues subject to Article 6.2 of the Subcontract, which provides procedures for claims against the Government under the prime contract. But importantly, neither the business conspiracy claim nor any of the other state law claims in the TAC is asserted against the NGA. Indeed, beyond the allegation contained in one paragraph in the TAC's factual recitation, the TAC contains neither allegations of wrong-doing by the NGA nor any request for relief against the NGA. Accordingly, all of the TAC's claims arise out of or relate to the Subcontract and are therefore subject to the Subcontract's forum selection clause. It follows, therefore, that remand is appropriate, even assuming the existence of a federal question.

V.

Finally, FastMetrix seeks an award of all of its costs and actual expenses incurred as a result of this removal, pursuant to 28 U.S.C. § 1447(c). But the award of costs and fees is not appropriate here, because the references to the NGA in the TAC provided a weak, but objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[C]ourts may award attorney's fees under § 1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal. . . . [W]hen an objectively reasonable basis exists, fees should be denied."); *In re Crescent City Estates, LLC*, 588 F.3d 822, 830–31 (4th Cir. 2009). Accordingly, the request for costs and actual expenses must be denied.

## VI.

In summary, removal of this case was inappropriate because there is no federal question subject matter jurisdiction. Moreover, ITT, in the Subcontract, waived its statutory removal rights. Accordingly, it is appropriate to remand this case to the Circuit Court of Fairfax County, Virginia.[9]

An appropriate Order will issue.

Alexandria, VA
January 31, 2013

T. S. Ellis, III
United States District Judge

---

[9] It is worth noting that even assuming *arguendo* that federal question jurisdiction is proper under the TAC, it is clear that the Fourth Amended Complaint pleads only state law causes of action and none of the state law claims in the Fourth Amended Complaint necessarily requires the resolution of a substantial federal question. *See Grable*, 545 U.S. at 311. Accordingly, it would be appropriate to decline to exercise supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367(c), and to remand the case to the Circuit Court of Fairfax County, Virginia. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988) ("a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate"); *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) ("a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met").